**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| MICHAEL FLOYD, an individual | ) |
| Plaintiff, | ) |
| v. | ) CASE NO: 6:20-cv-353-Orl-40EJK |
| ZACHARY E. STOUMBOS, an individual, | ) |
| Defendant. | ) |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S EMERGENCY MOTION FOR DISTRICT JUDGE REVIEW OF AUGUST 27, 2020 ORDER (DOC. 51)**

Plaintiff, MICHAEL FLOYD, through his undersigned counsel, files his opposition to Defendant's Emergency Motion for District Judge Review of Magistrate Order Dated August 27, 2020, and for Stay of Enforcement of the Order Pending Review with Request for Oral Argument, filed on September 1, 2020 (Doc. 53),[1] by Defendant, ZACHARY E. STOUMBOS.

**I.     Introduction**

Plaintiff is a citizen of the Republic of Ireland whose neighboring land owner in Central Florida maliciously instigated his prosecution on false charges of felony aggravated stalking, stalking, and disorderly conduct. *See, e.g.,* (Doc. 1, ¶¶2, 49, 72-76).  After winning a Nolle Prosequi of all charges Plaintiff turned to this Court for justice by filing his complaint alleging malicious prosecution.  He seeks compensatory, and punitive damages. (Doc. 1 at 13). The Magistrate Judge entered an Order compelling Defendant to produce financial discovery relevant to Plaintiff's punitive damages relief, (Doc. 34), and denied reconsideration. (Doc. 51).

---

[1] Defendant inadvertently filed his emergency motion twice.  Once at docket entry 52 under an incorrect designation, and a second time at docket entry 53.  Defendant advised that the first filing was an error. This response applies to both docket entries, to the extent that might be necessary, but includes pin cites only to docket entry 53 for brevity.

1

Contrary to Defendant's argument under Rule 72(a), Federal Rules of Civil Procedure, the Magistrate Judge's denial of reconsideration on August 27, 2020 (Doc. 51) was not "clearly erroneous" or "contrary to law." Rather, the Magistrate Judge soundly exercised his discretion to deny reconsideration of his July 28, 2020 Order (Doc. 34) after finding no "manifest injustice" would result from his ruling.  Additionally, reconsideration was properly denied because the July 28, 2020 Order is well-reasoned, supported by a line of other well-reasoned Federal District Court decisions, and not contradicted by Eleventh Circuit precedent.  Although Defendant expresses various other "objections" to the August 27, 2020 Order (Doc. 51), none should be sustained under the highly deferential standard applied by Rule 72(a).  Finally, the instant matter does not present an emergency. Defendant improperly designated it as such in violation of Local Rule 3.01(e) and the Case Management Order. (Doc. 24 at 5-6). Accordingly, this Court should deny Defendant's emergency motion and all objections to the August 27, 2020 Order (Doc. 51).

**II.     Background**

On February 28, 2020, Plaintiff filed the instant case against Defendant alleging one count for malicious prosecution.  (Doc. 1).  In his Complaint, Plaintiff seeks awards of both compensatory and punitive damages. (Doc. 1 at 13).

The cause of action arises out of a criminal prosecution instigated and perpetuated by Defendant against his neighboring landowner, Plaintiff.  (*Id.*, ¶76).  That criminal prosecution was styled *State of Florida v. Michael Paul Floyd*, Case No. 2014-CF-009030-A-O (Fla. 9th Cir. Ct. 2014) (the "Original Proceeding").

To instigate the prosecution, the Defendant, himself a criminal law attorney, (Doc. 1, ¶3), pressured prosecutors to file felony charges against Plaintiff. A fact reflected in the prosecutor's notes, "Victim wants a felony charge", "Victim says he will be very angry if this case is No

Billed." (Doc. 1, ¶56). Moreover, Defendant knowingly provided false and misleading information, and personally drafted detailed memorandums of law filled with inaccuracies about Plaintiff's purported "aggravated stalking," and provided the same to the prosecutor to instigate and perpetuate the prosecution of Plaintiff. *See* (*Id.*, ¶72, Exs. 1 and 2). Defendant further procured a sham expert witness to testify against Plaintiff – which the prosecutor voluntarily dropped as an expert almost immediately after his deposition. (*Id.*, ¶¶51-52, 61-62).  Following the first of two days of Defendant's deposition, the prosecutors filed a Nolle Prosequi of all charges. (*Id.*, Ex. 8).

After the Complaint was filed Defendant moved to strike Plaintiff's punitive damage relief under section 768.72, Florida Statutes. (Docs. 15, 17). However, Defendant's motion was contradicted by Eleventh Circuit precedent, which he did not acknowledge, *see* (*id.*), and on April 22, 2020 the Magistrate Judge Plaintiff's punitive damage relief. *See* (Doc. 23). In doing so the Magistrate Judge held that although "Defendant assert[ed] that Plaintiff's claim for punitive damages is premature under Florida Statute § 768.72, which requires an evidentiary showing prior to seeking such relief," the Court would follow *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072 (11th Cir. 2000). (Doc. 23 at 2-3).

On June 4, 2020, Plaintiff served requests to produce documents needed to work up his claim for punitive damages. (Doc. 32-1).  On July 6, 2020, Defendant filed thirty-four (34) pages of objections, once again asserting that section 768.82 barred Plaintiff's right to pursue punitive damage discovery absent an evidentiary hearing, and cited several cases in support. *E.g.* (Doc. 31-2 at 1-2). On July 17, 2020, Plaintiff moved to compel. (Doc. 32).  Defendant's deadline to respond was July 22, 2020. *See* (Doc. 10) (standing order on discovery motions).

On July 27, 2020, Defendant filed a fifteen (15) page Consolidated Motion for a Protective Order and Response to Plaintiff's Motion to Compel Related to "Financial Worth" Discovery (Doc. 33). The sole issue briefed was objections raised under section 768.72. (*Id.*).

On July 28, 2020, the Court entered an order construing Defendant's filing as an untimely response to the motion to compel, and struck it for exceeding the word limit and for being untimely. (Doc. 34 at 1). The Court proceeded to analyzed Defendant's thirty-four (34) pages of objections on their merits, and rejected Defendant's objections raised under section 768.72:

> Defendant first objects to the requested discovery on the basis that Florida Statute §768.72 protects him from producing financial discovery until a determination has been made by the Court that an evidentiary basis exists to support Plaintiff's claim for punitive damages. (Doc. 32-2). However, courts have rejected this same argument, concluding that Florida Statute § 768.72 conflicts with scope of discovery permitted by Federal Rule of Civil Procedure 26 and is therefore inapplicable in federal diversity actions. *See Riley*, 2010 WL 11626737, at *2; *Pantages v. Cardinal Health 200, Inc.*, No. 5:08-cv-116-Oc-10GRJ, 2009 WL 1011048, at *2 (M.D. Fla. Apr. 15, 2009). Thus, Defendant's objection on the basis of Florida Statute § 768.72 is overruled.

(Doc. 34 at 3). The Court also overruled Defendant's other objections, including those based on confidentiality: "Simply because information is confidential does not mean that the information is not discoverable, and Plaintiff has indicated a willingness to enter into a mutually agreeable confidentiality agreement." (*Id*. at 4-5). However, after entry of the July 28, 2020 Order (Doc. 34), Defendant declined Plaintiff's offer to sign a confidentiality agreement.

On July 31, 2020, Defendant filed Defendant's Motion for Reconsideration of Discovery Order or, Alternatively, to Stay Enforcement Pending Review (Doc. 35). Reconsideration was sought because the Order (Doc. 34), "compels [Defendant] to produce highly sensitive personal financial information" to Plaintiff, (Doc. 35 at 1), and that striking Defendant's opposition should be reconsidered because counsel overlooked the response deadline and word limitation

imposed by the Standing Order on Discovery Motions (Doc. 10). *See* (*Id*., ¶¶3-5).[2] Defendant also asked for a stay "pending District Judge or Eleventh Circuit review if necessary." (*Id*., ¶6).

On August 27, 2020, the Magistrate Judge denied reconsideration of his Order compelling financial discovery, declined to enter a stay, and gave Defendant until September 4, 2020 to produce responsive documents. (Doc. 51 at 3-5).

On September 1, 2020, Defendant filed his emergency motion and objections under Rule 72(a) seeking District Judge review of the order denying reconsideration. (Doc. 53). Defendant's argument under section 768.72 is essentially a cut-and-paste from his stricken motion for protective order and response to the motion to compel, filed on July 27, 2020. *Compare* (Doc. 33 at 3-14) *to* (Doc. 53 at 13-20). The other portions of Defendant's motion wrongly seek to vilify Plaintiff, vent frustrations with the Standing Order on Discovery Motions, (Doc. 53 at 4-11), and make a new argument that the applicable page and time limitations deprived him of due process. (*Id*. at 11-12).

## III. Legal Standard

Rule 72 permits a party to seek review of Magistrate Judge's ruling by the District Judge. Rulings on non-dispositive motions are governed by Rule 72(a):

> (a) Nondispositive Matters.  When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to.  The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

---

[2] Previously, Defendant failed to acknowledge that he contacted Plaintiff about the case via e-mail on March 6, 2020, and accepted service of the Complaint via e-mail on March 9, 2020. *See* (Doc. 36-2) (correspondence dated 3/6/2020 and 3/9/2020 between counsel).  The Standing Order on Discovery Motions was filed on March 12, 2020 (Doc. 10), and was available online at all times before Plaintiff filed his motion to compel (Doc. 32) on July 17, 2020.

Fed. R. Civ. P. 72.  The standard of review for non-dispositive motions is recited in *Weiss v. United States*, No. 6:15-cv-471-Orl-41KRS, 2016 WL 11697538, *1 (M.D. Fla. Dec. 19, 2016).

> A Magistrate Judge's ruling on a non-dispositive matter must be affirmed unless "it has been shown that the magistrate judge's order is clearly erroneous or contrary to the law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to the law."). The clearly erroneous standard is extremely deferential. A finding is clearly erroneous if after assessing the evidence, the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005) (citation omitted).

 "Clear error is a highly deferential standard of review." *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005).  *See also Mental Disability Law Clinic v. Hogan*, 739 F. Supp. 2d 201, 203 (E.D.N.Y. 2010) ("This standard is highly deferential…and only permits reversal where the magistrate abused his discretion." (citation omitted)).

Additionally, the Magistrate Judge's had broad discretion to deny Defendant's motion for reconsideration. *Lamar Adver. of Mobile, Inc. v. City of Lakeland, Fla.*, 189 F.R.D. 480, 488 (M.D. Fla. 1999) ("The decision whether to grant or deny a motion to reconsider is at the discretion of the Court."). Reconsideration is an extraordinary remedy which will only be granted upon a showing of an intervening change in law, the discovery of new evidence, or the need to correct clear error or manifest injustice. *Fla. Coll. of Osteop. Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998). Court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulf co Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Mannings v. Sch. Bd. of Hillsborough Cnty.*, 149 F.R.D. 235, 235 (M.D. Fla. 1993).

Moreover, "district courts disfavor motions for reconsideration in order to forward the policies of achieving finality in litigation and conserving judicial resources." *Blue Heron Beach Resort Developer, LLC v. Branch Banking & Trust Co.*, No. 6:13-cv-372, orl-40TBS, 2014 WL 12575840, *1 (M.D. Fla. Oct. 24, 2014). "It is wholly inappropriate in a motion for reconsideration to relitigate the merits of the case, to raise new arguments which should have been raised in previous briefing, or to vent dissatisfaction with the Court's reasoning." *Local Access, LLC v. Peerless Network, Inc.*, 222 F. Supp. 3d 1113, 1115 (M.D. Fla. 2016) (internal citation and quotation omitted).

### III.   Argument

#### 1.   Review of the July 28, 2020 Order is Unavailable under Rule 72

As an initial matter, Defendant waived his rights to raise objections under Rule 72 to the Magistrate Judge's July 28, 2020 Order Compelling Discovery (Doc. 34). Rule 72(a) prescribes a 14 deadline. "A party may not assign as error a defect in the order not timely objected to." Fed. R. Civ. P. 72(a). Defendant's deadline to object to the July 28, 2020 Order was August 11, 2020. By not timely seeking review, Defendant waived his right under Rule 72 to challenge the July 28, 2020 Order (Doc. 34). Thus, the only Magistrate Judge order properly presented for review is the August 27, 2020 Order denying reconsideration (Doc. 51). Although Defendant acknowledges this limitation at the beginning of his brief (Doc. 53 at 1), his argument cites only to the July 28, 2020 Order (Doc. 34), and neglects to acknowledge the considerably higher standard the Magistrate Judge applied to denial of reconsideration of his August 27, 2020 Order (Doc. 51). *See* (Doc. 53 at 13-21). To the extent Defendant's objections seek review of the July 28, 2020 Order, Plaintiff respectfully submits the objections are untimely. Fed R. Civ. P. 72(a).

**2.     Denial of Reconsideration or a Stay in the August 27, 2020 Order was Not "Clearly Erroneous" or "Contrary to Law"**

The Magistrate Judge's rulings in the August 27, 2020 Order (Doc. 51) are not "clearly erroneous" or "contrary to law." The reasons are several. First, the Magistrate Judge had broad discretion to decline to reconsider his ruling on Defendant's objections under section 768.72. Defendant incorrectly sought to "relitigate the merits" of his earlier objection based on "manifest injustice," which were correctly adjudicated on July 28, 2020 (Doc. 34) in reliance on well-reasoned precedent. *See* (Doc. 51 at 3-5). Even if reasonable minds could differ on the Magistrate Judge's denial of reconsideration, his ruling would not be rendered "clearly erroneous" or "contrary to claw" under the highly deferential standard applied under Rule 72(a). That is supported by precedent applying Rule 72(a) to objections under section 768.72.

Finally, Defendant's other arguments primarily reargue objections overruled on July 28, 2020, vent frustration, and lodge unwarranted attacks against Plaintiff. To the extent such arguments might be construed as based on confidentially, they too were overruled, *see* (Doc. 34), and are severely undercut by Defendant's refusal of Plaintiff's offer to execute a confidentiality agreement. All such objections under Rule 72 should be denied.

    A. Denying Reconsideration of Prior Discovery Rulings based on Defendant Reasserting his Previously Rejected Arguments was a Proper use of Discretion

The Magistrate Judge's denial of reconsideration in his August 27, 2020 Order (Doc. 51) was not "clearly erroneous" or "contrary to law." The legal standard under Rule 72 is highly deferential to the original ruling. The same is true for the legal standard to grant reconsideration, which the Magistrate Judge had broad discretion to deny.

In denying reconsideration the Magistrate Judge observed that Defendant argued that reconsideration should be granted because "manifest injustice will result if he [Defendant] is

8

required to produce sensitive financial information to Plaintiff during discovery." (Doc. 51 at 5). And in his Rule 72 objection, Defendant concedes that "the Magistrate ruled on the merits" of his discovery objections, (Doc. 53 at 12), which the Magistrate Judge addressed demonstrates in his July 28, 2020 Order. (Doc. 34 at 3-4).

Here, the Magistrate Judge correctly exercised discretion to deny reconsideration of arguments considered and rejected in his July 28, 2020 Order, particularly where Defendant failed to meet his burden to identify a change in the controlling law, or demonstrate clear error or manifest injustice. (Doc. 35). In fact, in his motion for reconsideration, Defendant never assert that the Magistrate Judge committed "clear error" in his July 28, 2020 Order. (Doc. 35 at 1-4). He merely sought to reargue previously rejected confidentiality objections. *See* (Doc. 51 at 5).

Because the Magistrate Judge acted within his discretion to deny reconsideration of the same discovery objections he overruled on July 28, 2020, *Local Acces.*, 222 F. Supp. 3d at 1115, his August 27, 2020 Order (Doc. 51) was not "clearly erroneous" or "contrary to law" under Rule 72, and Defendant's objections should be overruled.

> B. Assuming *Arguendo* that Defendant had Moved for Reconsideration on the Same Grounds as his Emergency Motion (Doc. 53), the Magistrate Judge's Rulings Should Stand under the Highly Deferential Rule 72 Standard

A significant flaw in Defendant's Emergency Motion filed pursuant to Rule 72 (Doc. 53), is that it relies heavily on arguments he did not make in his motion for reconsideration or to stay (Doc. 35) that were rejected in the August 27, 2020 Order (Doc. 51). *Compare* (Doc. 35) *to* (Doc. 53). Although Defendant asked for reconsideration of the July 28, 2020 Order (Doc. 34), *see* (Doc. 35 at 1), he only argued that reconsideration was warranted because the order compelled production of sensitive information, (*id.*, ¶2), and that his violation of the Standing Order on Discovery Motions was unintentional. (*Id*., ¶¶3-5). In fact, Defendant's motion for

9

reconsideration does not cite section 768.72 or any related case law. *See generally* (Doc. 35). However, Defendant devotes much of his Rule 72 objections to rulings made on July 28, 2020 regarding the application of section 768.72 to federal discovery practice. *See* (Doc. 53 at 13-21). Plaintiff respectfully submits the Court should not consider objections to the August 27, 2020 Order (Doc. 51) that Defendant did not present in his motion for reconsideration (Doc. 35). As explained previously, such objections would be untimely under Rule 72.

However, assuming *arguendo* that such arguments were raised by Defendant in his motion for reconsideration, the objections should still be rejected under Rule 72(a). The Magistrate Judge's rulings in the August 27, 2020 Order (Doc. 51) were not "clearly erroneous" or "contrary to law." Defendant did not meet his burden to justify reconsideration.

The grounds for reconsideration of a prior order are narrow. *See, e.g., Local Access, LLC*, 222 F. Supp. 3d at 1115. As the Magistrate Judge recognized, Defendant argued for reconsideration because "manifest injustice will result if he is required to produce sensitive financial information to Plaintiff during discovery." (Doc. 51 at 5).

But in attempting to take yet another bite at the apple, Defendant shifts his argument back to asserting that section 768.72 imposes a barrier to Plaintiff accessing financial discovery. (Doc. 53 at 13-21). The argument is misplaced. Here, the Magistrate Judge adopted the analysis of a long line of well-reasoned decisions from Florida's United States District Courts:

> Defendant first objects to the requested discovery on the basis that Florida Statute §768.72 protects him from producing financial discovery until a determination has been made by the Court that an evidentiary basis exists to support Plaintiff's claim for punitive damages. (Doc. 32-2). However, courts have rejected this same argument, concluding that Florida Statute § 768.72 conflicts with scope of discovery permitted by Federal Rule of Civil Procedure 26 and is therefore inapplicable in federal diversity actions. *See Riley*, 2010 WL 11626737, at *2; *Pantages v. Cardinal Health 200, Inc.*, No. 5:08-cv-116-Oc-10GRJ, 2009 WL 1011048, at *2 (M.D. Fla. Apr. 15, 2009). Thus, Defendant's objection on the basis of Florida Statute § 768.72 is overruled.

10

(Doc. 34 at 3). This analysis is not "clearly erroneous" or "contrary to law."

The cases cited by the Magistrate Judge, *Pantages v. Cardinal Health 2000, Inc.*, No. 5:08–cv–116–Oc–10GRJ, 2009 WL 1011048, **1-3 (M.D. Fla. April 15, 2009) and *Riley v. Roberts Brothers Coach Leasing Co., Inc.*, Case No. 6:09-cv-2147-Orl-35DAB, 2010 WL 11626737, **3-4 (M.D. Fla. Aug. 12, 2010), both adopt the thorough analysis in *Ward v. Estaleiro Itajai S/A, et al.*, 541 F. Supp. 2d 1344 (S.D. Fla. 2008).

To summarize *Ward*, the court began by holding that section 768.72 is a pleading statute with no effect on discovery practice in federal court. *Ward*, 541 F. Supp. 2d at 1346. The statute does not contain a discovery component. *Id.* at 1346, 1349-51. "The statute cannot be read to require a showing before pleading and then an additional showing before discovery is allowed." *Id.* at 1350. (The analysis could stop there.) However, the court continued to explain why even if section 768.72 had a discovery component, that it would not apply in federal diversity cases. The reason is that the so-called discovery aspect of section 768.72 would conflict with Federal Rule of Civil Procedure 26(b)(1), which "covers the situation" of whether financial worth discovery may be sought without an evidentiary proffer. *Id.* at 1347-1356. To conclude its holding, the court explained that Rule 26(1) does not violate the Rules Enabling Act or the Constitution, and that applying Rule 26 and not section 768.72 will not lead "to an inequitable administration of the laws nor to forum shopping as contemplated by *Erie*." *Id.* at 1356-59.

In addition to *Riley* and *Pantages*, numerous other decisions have endorsed *Ward's* persuasive determination that section 768.72 is not a discovery statute and Federal Rule of Civil Procedure 26 leaves no room for section 768.72 to operate in federal discovery practice. *See Belnaik v. The Florida Highway Patrol*, No. 8:12–cv–1334–T–35MAP, 2013 WL 12177835 (M.D. Fla. Mar. 14, 2013) ("Since Plaintiff has complied with the pleading requirement of Rule

11

8, he may proceed with relevant discovery pursuant to Rule 26 related to Defendant's financial net worth."); *Black v. Kerzner International Holdings, Limited*, 2013 WL 11971270 (S.D. Fla. May 20, 2013) ("This Court is persuaded by the well-reasoned decision of *Ward v. Estaleiro Itajai S/A,* 541 F. Supp. 2d 1344, 1345-1360 (S.D. Fla. 2008), which held that Fla. Stat. § 768.72's discovery limitation conflicts with the scope of discovery mandated by Federal Rule of Civil Procedure 26 and, therefore, should not be applied in a federal diversity action."); *Gomez v. Wells Fargo Bank, N.A.*, No. 13-23420-CIV-DIMITROULEAS/Snow, 2015 WL 11201185 (S.D. Fla. Jan. 8, 2015) (same); *Rafael Hurtado v. Balerno International Ltd.*, No. 17-62200-CIV-COHN/SELTZER, 2019 WL 917404 (S.D. Fla. Feb. 25, 2019) (overruling objection to financial discovery under section 768.72).

On the other hand, Defendant is right that some Federal District Courts have disagreed. But these decisions do not support Defendant's position that the Magistrate Judge's holding in his July 28, 2020 Order (Doc. 34) was "clearly erroneous" or "contrary to law."  And all the decisions Defendant relies on are unpublished, district court cases, *see* (Doc. 53 at 15-16), which are not binding in this case. *See, e.g., United States v. Cerceda,* 172 F.3d 806, 812, n. 6 (11th Cir.1999) (*en banc* ) (noting that the "[opinion] of a district court carries no precedential weight, even within the same district."). Under the highly deferential Rule 72(a) standard, the Magistrate Judge's adoption of the reasoning in *Ward* and its progeny is not "clearly erroneous" or "contrary to law."

Moreover, Defendant's cases are not based on a compelling analysis of whether section 768.72 includes a discovery component, and they fail to explain why Rule 26(a)(1) does not "cover the situation" at hand requiring application of the federal rule. *See Johnson v. New Destiny Christina Ctr. Church, Inc,* Case No: 6:17-cv-710-Orl-37DCI, 2018 WL 7500082 (M.D.

Fla. Oct. 23, 2018) (omitting analysis of conflict with Rule 26); *Haffa v. Flagler Constr. Equip.,LLC*, No. 10–62321–CIV, 2011 WL 1871159, *2 (S.D. May 16, 2011) (same); *Soliday v. 7-Eleven, Inc.*, No. 2:09–cv–807–FtM–29SPC, 2010 WL 4537903, *2 (M.D. Fla. Nov. 3, 2010) (same); *Royal Marco Point I Condominium Ass'n, Inc. v. QBE Ins. Corp.*, No. 3:07 CV 16, 2010 WL 2609367 (M.D. Fla. June 30, 2010) (same); *Gallina v. Commerce 7 Indus. Ins.*, No. 8:06–CV–1529–T–27EAJ, 2008 WL 3895918, *5 (M.D. Fla. 1997) (same); *Neill v. Gulf Stream Coach*, 966 F. Supp. 1149, 1155-56 (M.D. Fla. 1997) (providing no analysis of conflict with Rule 26, and adjudicating motion to strike punitive damage claim before Eleventh Circuit's announced its decision in *Cohen*). The decisions also fail to support Defendant's argument that the word "permitted" in section 768.72 transforms it from a pleading statute into a discovery statute (it does not), and how a Florida discovery statute could operate in federal practice where Rule 26(a)(1) "covers the situation." *See* (Doc. 53 at 17-18). As the Magistrate Judge explained, Rule 26 governs Plaintiff's entitlement to relevant discovery, not section 768.72.

Another deficiency in Defendant's argument is his reliance on the holding in *Globe Newspaper Co. v. King*, 658 So.2d 518, 519 (Fla. 1995) for the proposition that Florida considers section 768.72 to "create a substantive legal right" requiring its application to discovery in Federal District Court. (Doc. 53 at 13, 17). But *Ward* and its progeny expressly considered and persuasively refuted the relevance of *Globe*'s holding. *See Ward*, 541 F. Supp. 2d at 1354-56. The *Ward* court found a "conflict between the showing requirement in §768.72(1) and the Federal Rules' absence of such a requirement," and held that "Rule 26 covers the situation" under the test established in *Hanna v. Plumer*, 380 U.S. 460, 471 (1965). *See Ward*, 541 F. Supp. 2d at 1356. Accordingly, the court concluded that it must apply Rule 26(a)(1) unless it violated the Rules Enabling Act or the Constitution, which it did not. *Id.* at 1357-58. The court

13

likewise held that applying Rule 26 did not violate the *Erie* doctrine. *Id*. at 1358-60. The same analysis was relied upon and adopted in *Pantages*, 2009 WL 1011048 at **2-3 and *Riley*, 2010 WL 11626737 at **2-4. The Magistrate Judge was correct to follow these holdings.

Under the standard of review applied by Rule 72(a), the District Court should find that Magistrate Judge's application of *Ward* and its progeny is not "clearly erroneous" or "contrary to law." *Ward* and its progeny are far more persuasive and faithful to Rule 26(a)(1) and Plaintiff's right to access relevant discovery.

Additionally, under Rule 72(a) differences in opinion on the application on section 768.72 to federal discovery do not render the Magistrate Judge's holding "clearly erroneous" or "contrary to law." That was precisely the holding in *Hite v. Hill Dermaceuticals, Inc.*, No. 8:12–cv–2277–T–33AEP, 2013 WL 6799334, *4-5 (M.D. Fla. Dec. 23, 2013), which reviewed under Rule 72(a) an objection under section 768.72 and held that, "Given the current state of disagreement among federal trial courts on the issue of evidentiary prerequisites for financial worth discovery, this Court finds that Judge Porcelli's decision generally permitting production of financial worth discovery in this case was neither clearly erroneous nor contrary to law." *Id.* at *5. The reasoning of *Hite* applies with even more force here where the Magistrate Judge's order under review denied reconsideration of the prior ruling entered on August 27, 2020, and is not the original ruling entered on July 28, 2020 like the court considered in *Hite*. For these reasons, even if Defendant had sought reconsideration of the August 27, 2020 Order based on section 768.72, the District Court should overrule the objection under Rule 72(a).

    C. <u>Denying Defendant's Motion to Stay is a Moot Issue and also Not "Clearly Erroneous" or "Contrary to Law"</u>

Similarly, the Magistrate Judge's denial of a stay was not "clearly erroneous" or "contrary to law." Here, the Magistrate Judge held that "given the Court's previous examination

14

of Defendant's objections, the undersigned finds that a stay of the Order is not warranted in this instance." (Doc. 51 at 5).  Originally, Defendant had sought a "stay of enforcement [of the July 28, 2020 Order] pending District Judge and Eleventh Circuit review if necessary." (Doc. 35 at 3). Yet Defendant posits little to no argument why that decision was erroneous. *See generally* (Doc. 53).  And on the contrary, under Rule 26(a)(1) Plaintiff should be granted access to the relevant information to help him prepare his case on damages.  However, the issue is also moot because additional time to make the production was granted and the District Court stayed that deadline pending adjudication of the Rule 72 objections.

### 3. Defendant's Other Undeveloped Objections under Rule 72 Motion

Defendant makes other "objections" to the August 27, 2020 Order (Doc. 53).  However, none rise to the level of demonstrating that the Magistrate Judge's August 27, 2020 Order (Doc. 53) is "clearly erroneous" or "contrary to law." Additionally, the arguments are undeveloped and should be denied on that basis. *Dish Network LLC v. Fraifer*, Case No. 8:16-cv-2549-T-60CPT, 2020 WL 1515938, *18 (M.D. Fla. Jan. 31, 2020) (refusing to consider undeveloped arguments). Each argument is addressed in turn.

Defendant directs numerous criticisms at Plaintiff. (Doc. 53 at 7,10, 18-21). Plaintiff categorically denies his assertions, which are impertinent to his Rule 72 objections.[3] Although Defendant fails to connect his accusations to how the Magistrate Judge's August 27, 2020 Order (Doc. 51) was "clearly erroneous" or "contrary to law," they might be construed as objections to confidentiality.  However, these objections lack merit. Defendant already declined Plaintiff's offer of a confidentiality agreement – a fact he does not acknowledge in his emergency motion,

---

[3] Defendant accuses Plaintiff of "bad faith in Floyd's motivations to obtain Stoumbos's financial information." (Doc. 53 at 10).  The discovery is unquestionably relevant, and compelled by the Magistrate Judge. Claims that it is sought in "bad faith" is wholly unwarranted and without merit.  Accusations of "bad faith" are also disingenuous given Defendant's rejection of Plaintiff's offer to execute a confidentiality agreement.

but which strongly undercuts the veracity of his objections. Moreover, the Magistrate Judge specifically overruled the confidentiality objections in his July 28, 2020 Order (Doc. 34): "Defendant also objects that the documents sought are confidential, sensitive, non-public, personal, and proprietary in nature. (Doc. 32-2.)  But this objection also falls short. Simply because information is confidential does not mean that the information is not discoverable, and Plaintiff has indicated a willingness to enter into a mutually agreeable confidentiality agreement. (Doc. 32 at 2)." (Doc. 34 at 3-4).  In arguing for reconsideration, Defendant failed to meet his burden to show this ruling was a "manifest injustice." The result is that there is no reason to conclude that the Magistrate Judge's denial of reconsideration of this ruling in his August 27, 2020 Order (Doc. 51) was "clearly erroneous" or "contrary to law."  Rather, the Magistrate Judge acted squarely within his broad discretion to deny reconsideration of the objection.

Defendant also expresses dissatisfaction with the Magistrate Judge's rulings related to the page and timing limitations imposed by the Local Rules and the Standing Order on Discovery Motions (Doc. 10). (Doc. 53 at 8-12). Defendant states that had he not misunderstood the Standing Order on Discovery Motions he would have filed longer briefs – but he fails to state what the additional briefing would have added – and makes a generalized assertion that his due process rights were violated by his own briefing and the Court's denial of oral argument.  (*Id.* at 11-12). The cases he cites on this point are inapposite. *See Carillion Community Residential v. Seminole County*, 45 So. 3d 7, 9 (Fla. 5th DCA 2010) (declining to find a violation of due process where cross examination of a witness was denied); *Cafeteria & Rest. Workers Union*, 376 U.S. 886, 895 (1961) (analyzing due process under the Fifth Amendment as applied to a government employee); *Morrissey v. Brewer*, 408 U.S. 471, 781 (1972) (assessing due process rights of a prisoner); *Mid-Continent Cas. Co. v. R.W. Jones Constr., Inc.*, 227 So.3d 785, 788

(Fla. 5th DCA 2017) (reversing because only 7 hours were provided to brief the primary issue in the case). These undeveloped arguments should be rejected. *Dish Network*, 2020 WL 1515938 at *18. Moreover, as Defendant concedes, the Magistrate Judge considered the merits of his objections, and rejected them. Furthermore, Defendant does not cite controlling case law or explain how his decision to not include additional briefing—about arguments he does not identify, renders the Magistrate Judge's August 27, 2020 Order (Doc. 51) "clearly erroneous" or "contrary to law." *See* (Doc. 53 at 11-12) (omitting case citations or explanation). These undeveloped arguments are insufficient under Rule 72(a) and should be rejected.

Defendant also complains that his failure to read the Standing Order on Discovery Motions resulted in his untimely and overly long filing being stricken. (Doc. 53 at 8-9). The argument is unfounded. Defendant is represented by at least three attorneys in Mr. O'Connor's firm, as well as Derek Angel at the firm of Bell & Roper Law.[4] Failure to read the Standing Order on Discovery Motions (Doc. 10) after having actively litigated the case for nearly four months is not an omission by Defendant that required reconsideration of the Magistrate Judge's decision to strike the offending filing in his July 28, 2020 Order (Doc. 34). Magistrate Judge's denial of reconsideration on this point is not "clearly erroneous" or "contrary to law." These arguments should be rejected under Rule 72(a).

Finally, Defendant also seeks a stay and argues that his delays in producing relevant discovery are not prejudicial to Plaintiff. (Doc. 53 at 11). Plaintiff disagrees. The discovery at issue was sought by Plaintiff on June 4, 2020. *See* (Doc. 32-1). More than three months later Defendant is still withholding the relevant documents. The documents are presently needed to effectively depose Defendant on the punitive damages issue, to assess the need for follow-up

---

[4] Not all counsel representing Defendant have filed notices of appearance in this case.

discovery, including discovery from third parties, and to generally work-up Plaintiff's damages claims. *See, e.g, Lane v. Capital Acquisitions*, 242 F.R.D. 667, 669 (S.D. Fla. 2005) ("The financial records sought are relevant to the issue of punitive damages, and, thus, are discoverable."); *Bessier v. Precise Tool & Eng'g Co., Inc.,* 778 F. Supp. 1509, 1514 (W.D. Mo. 1991) (A plaintiff is "clearly entitled to the discovery of financial records of defendant in order to prepare a case on the issue of punitive damages."). Denying Plaintiff access to relevant discovery is inconsistent with Plaintiff's rights under Rule 26(a)(1), and his right to a "just, speedy, and inexpensive determination" of his claims. *See* Fed. R. Civ. P. 1.  The Magistrate Judge correctly required the prompt production of his discovery on August 27, 2020, and his ruling was not "clearly erroneous" or "contrary to law" under Rule 72.

    **4.**    **Plaintiff Objects to Oral Argument as Unnecessary**

Plaintiff respectfully does not agree that oral argument is necessary to adjudicate Defendant's objections to the Magistrate Judge's Order (Doc. 51).  The parties have submitted detailed briefs, and Defendant fails to state what, if anything, would be added by oral argument.

**IV.**    **Conclusion**

Defendant's objections under Rule 72(a) to the Magistrate Judge's Order (Doc. 51) should be denied.  The reasons are several. Defendant did not timely file objections to the July 28, 2020 Order (Doc. 34) compelling discovery, and he failed to seek reconsideration on section 768.72. *See* (Doc. 35 at 1-3).  Rule 72(a) does not permit Defendant to seek review of those objections overruled on July 28, 2020, that he did not raise on reconsideration. *See* Fed. R. Civ. P. 72(a).  Even if the section 768.72 objections could be raised under Rule 72(a), the Magistrate Judge's overruling of the objection was correct in the first instance as explained by *Ward* and its progeny, or at the very least was not "clearly erroneous" or "contrary to law" as demonstrated by

18

the *Hite* case. Defendant's other objections – to confidentiality, due process, failures to comply with or comprehend the Standing Order on Discovery Motions, and a purported lack need to produce relevant discovery – are undeveloped arguments that should be disregarded and, even more importantly, which do not render the Magistrate Judge's August 27, 2020 Order (Doc. 51) "clearly erroneous" or "contrary to law." The emergency motion (Doc. 53) should be denied.

WHEREFORE, Plaintiff, MICHAEL FLOYD, respectfully requests that the Court enter an order overruling Defendant's objections asserted under Rule 72(a), Federal Rules of Civil Procedure (Docs. 52-53) to the Magistrate Judge's August 27, 2020 Order (Doc. 51), direct Defendant to promptly produce all responsive records compelled by this Courts July 28, 2020 Order (Doc. 34), and grant any and all other relief that is just.

Dated: September 10, 2020.

Respectfully submitted,

/s/ Michael A. Sasso
MICHAEL A. SASSO
Florida Bar No. 93814
masasso@sasso-law.com
CHRISTIAN BONTA
Florida Bar No. 1010347
cbonta@sasso-law.com
SASSO & SASSO, P.A.
1031 West Morse Blvd.
Suite 120
Winter Park, Florida 32789
Tel.: (407) 644-7161

/s/ Robert Leventhal
ROBERT LEVENTHAL
Florida Bar No. 119610
bob@robertleventhal.com
LAW OFFICES OF ROBERT
LEVENTHAL, P.A.
400 N. New York Avenue,
Suite 211
Winter Park, Florida 32801
(407) 849-6161 (Telephone)
*Attorneys for Michael Floyd*